FOR PUBLICATION

# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX
## APPELLATE DIVISION

| | |
|---|---|
| LISA CANNONIER, | ) D.C. Civ. App. No. 2007-0010 |
| | ) |
| | ) Super. Ct. Civ. No. 2006-0498 |
| Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| CHARLES GILBERT, | ) |
| | ) |
| Appellee. | ) |

On Appeal from the Superior Court of the Virgin Islands, the Honorable Julio A. Brady presiding.

Considered: April 29, 2011
Filed: April 9, 2020

BEFORE: **CURTIS V. GÓMEZ**, Chief Judge[1] of the District Court of the Virgin Islands; and **RAYMOND L. FINCH**, Senior Judge of the District Court of the Virgin Islands.[2]

**Attorneys:**

**Lisa Cannonier**
St. Croix, VI
    Pro se,

**Charles Gilbert**
St. Croix, VI
    Pro se.

---

[1] At the time this appeal was considered, Judge Curtis V. Gómez was the Chief Judge of the District Court of the Virgin Islands.
[2] While Judge Audrey L. Thomas of the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, sat on the panel that considered this matter, he retired before the decision was issued.

## MEMORANDUM OPINION

PER CURIAM,

This appeal arises out of an action for damages resulting from a vehicular accident.

I. **FACTUAL AND PROCEDURAL HISTORY**

On June 22, 2006,[3] Lisa Cannonier ("Cannonier") was reversing her vehicle into the parking lot of the Estate Richmond Fire Station on St. Croix, when her vehicle rubbed the bumper of Charles Gilbert's ("Gilbert") parked BMW automobile. (J.A. 11-12.) Gilbert was not in the parking lot at the time. Eyewitness Carol Gerard ("Gerard") saw the incident transpire. Gerard accompanied Cannonier inside the fire station to tell Gilbert what happened.

Gilbert, Cannonier, Gerard, Kevin Knight ("Knight") and several other fire station employees emerged from the fire station and went into the parking lot to inspect the damage to Gilbert's vehicle. At that time, Cannonier acknowledged she was at fault and agreed to pay for the repair to the bumper skin of Gilbert's vehicle. (J.A. 12, Trial Tr. at 12:16-17.) Over the course of several months, Cannonier asked Gilbert about the

---

[3] The record uses both June 22, 2006, and June 28, 2006, as the date of the accident. During Cannonier's cross-examination of Gilbert, the date of the accident came into dispute. Rather than determine the exact date, the Court said, "We don't need to get into all those extraneous matters." (J.A. 23, Trial Tr. at 23:15-16.) For purposes of this appeal, we use June 22, 2006, as the date of the accident.

status of repairing the vehicle. Gilbert responded that the bumper skin needed to be replaced. Cannonier agreed to pay for the bumper skin and Gilbert subsequently obtained two repair estimates, one totaling $1,368.00 and the other totaling $2,069.00. Gilbert told Cannonier that parts other than the bumper skin needed to be replaced in order to repair his vehicle from the damage sustained by the accident. Cannonier responded that the damage was done only to the bumper skin and refused to pay for any repairs other than the bumper skin. Subsequently, Gilbert filed the instant small claims action seeking damages.

On December 12, 2006, a small claims bench trial was convened. At trial, Gerard and the parties testified. Cannonier conceded liability, but argued that Gilbert's estimates exceeded the actual damage to his vehicle. The Court admitted photos of the damage to Gilbert's vehicle but did not permit Mr. Wilkinson,[4] Cannonier's witness, to testify.

In rendering its decision, the trial court found that both the photos and repair estimate indicated that the damage to Gilbert's vehicle included the bumper cover, the valance panel, the grille, and the Martin light. (J.A. 34; Trial Tr. at 34:7-

---

[4] No first name appears for Mr. Wilkinson in this appeal.

10.) The Court concluded that Gilbert was entitled to $2,069.00. Cannonier's timely appeal followed.

## II. JURISDICTION AND STANDARD OF REVIEW

The Appellate Panel has jurisdiction to review appeals from final decisions of the Superior Court of the Virgin Islands. *See* V.I. ANN. CODE tit.4, § 33 (2006); Revised Organic Act of 1984, § 23A, 48 U.S.C. § 1613(a) (2006).

We review a trial court's findings of fact for clear error. *Gov't of the Virgin Islands v. Albert*, 241 F.3d 344, 347 (3d Cir. 2001). The trial court's decision regarding admissibility of evidence is reviewed for abuse of discretion. *Id.* "An abuse of discretion is a clear or obvious error of judgment that must affect substantial rights, and not simply a different result which can arguably be obtained when applying the law to the facts of the case." *Poleon v. Gov't of the Virgin Islands*, 184 F. Supp. 2d 428, 434 (D.V.I. App. Div. 2002). Where small claims matters are concerned, an appellate court should remain mindful that the goal of the trial judge is to do "substantial justice" between the parties. *Cape Air Int'l v. Lindsey*, 2010 V.I. Supreme LEXIS 24 (VI. 2010).

## III. ISSUES PRESENTED

On appeal, Cannonier raises three issues. First, she argues that the trial court erred when it failed to take

testimony from her witness concerning the extent of damage to Gilbert's vehicle. Second, she argues that the trial court erred in admitting photographs of the vehicle without first ascertaining whether the photographs reflected the condition of the vehicle at the time of the accident. Finally, she contends that the Superior Court erred when it entered judgment for the larger of two estimates.

## IV. **ANALYSIS**

To succeed at trial, Gilbert was required to allege and prove duty, breach, causation and damages. *See* RESTATEMENT (SECOND) OF TORTS § 281 (1965)[5]; *see also White v. Spenceley Realty, LLC*, 2010 V.I. Supreme LEXIS 30 (VI. 2010) (citing *Gass v. V.I. Tel. Corp.*, 149 F. Supp. 2d 205, 209 (D.V.I. 2001)). Cannonier conceded liability at trial. (J.A. 26, Trial Tr. at 26:9-18.) Thus, only the question of damages was left for the trial court's consideration.

### A. Admission of testimony

This case involved only two eyewitnesses, Cannonier and Gerard. Both Cannonier and Gerard testified at trial. Both concurred that Cannonier was driving at a speed of

---

[5] "The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute . . . shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary." V.I. CODE ANN. tit 1, § 4.

approximately five miles an hour or less, and that based on their perception, the damage to Gilbert's vehicle was minor and included the bumper skin. (J.A. 11, Trial Tr. at 11:13-16; J.A. 26, Trial Tr. at 26:9-18.)

On appeal, Cannonier argues that the trial court erred when it declined to hear testimony from Wilkinson, her witness. Cannonier's only witness was an individual identified in the record as Mr. Wilkinson. Wilkinson was Cannonier's co-worker who Cannonier enlisted to order parts on the internet to repair Gilbert's vehicle. Wilkinson was not a mechanic, auto body repair expert, or eyewitness to the accident. Rather, Wilkinson was one of the several fire station employees who observed the damage to Gilbert's vehicle shortly after the accident.

The admission of evidence, including witness testimony, is committed to the sound discretion of the trial court. *United States v. Sokolow*, 91 F.3d 396, 402 (3d Cir. 1996).[6] Cannonier argues that Wilkinson's testimony was valuable because he would have established that the damages sought exceeded the actual damages suffered. (J.A. 4, Trial Tr. at 4:18; J.A. 33, Trial

---

[6] Even had the Federal Rules of Evidence governed in this proceeding, the trial judge would have been permitted to exclude Wilkinson's potential testimony if the trial judge found in his discretion that its probative value is substantially outweighed by the risk that its admission will necessitate undue consumption of time or needless presentation of cumulative evidence. *See, e.g., Belardo v. People of the Virgin Islands*, 2009 U.S. Dist. LEXIS 35128, at *12 (D.V.I. 2009) (citing V.I. CODE ANN. tit. 5, § 885)); *see also* Fed. R. Evid. 403.

Tr. at 33:5-6.) Cannonier contends that Wilkinson's testimony was pivotal because he would have testified that the damages to the vehicle were minor. When Cannonier proffered Wilkinson's testimony, the Court had already heard the testimony of two eyewitnesses who both testified that the damages were minor. Hence, Wilkinson's testimony could add little to testimony already admitted, and the absence of his testimony did not unfairly prejudice Cannonier. Indeed, the judge acknowledged that the damage was minor when he found that the property damage was, at most, an expensive "touch-up." (J.A. 34, Trial Tr. at 34:2-7.) Accordingly, we find no error in the trial court's decision to exclude Wilkinson's testimony.

### B. Admission of Photographs

Gilbert testified that the photos at issue were taken by the insurance adjuster on August 4, 2006, approximately five weeks after the accident occurred on June 22, 2006. (J.A. 21, Trial Tr. at 21:2-5.) Cannonier loosely argues that the trial court offended the Federal Rules of Evidence governing admissibility when it admitted photographs of Gilbert's vehicle without first determining whether the pictures accurately depicted the damage done. (Appellant's Brief at 8.)

Generally, issues raised for the first time on appeal are rejected summarily. *Preiss v. Severe*, 22 V.I. 433 (1986). Under

the plain error standard of review, Rule 52(b) authorizes Courts of Appeals to apply their discretion to correct only "particularly egregious errors" which "seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Young*, 470 U.S. 1 (1985) (citations omitted). Alleged errors not objected to nor brought to the attention of the trial court below may be considered on appeal only if they rise to the level of plain error. *United States v. Olano*, 507 U.S. 725, 736 (1993). This Court has the discretion to decline to reach the merits of Cannonier's argument if it has failed to raise it in the court below. *Fuertes v. Martin*, 2002 U.S. Dist. LEXIS 17097, *at 12 (D.V.I. App. Div. Sept. 4, 2002).

Cannonier failed to object to the admission of the photograph at trial, or raise this issue before the trial court post-trial. We therefore, at best, review Cannonier's argument for plain error alone.

This is a small claims matter. Small claims actions are summary proceedings with relaxed procedural and evidentiary rules that are designed to move cases efficiently to conclusion. *See Fuertes v. Martin*, 2002 U.S. Dist. LEXIS 17097 (D.V.I. Sept. 4, 2002) (the goal of the Small Claims Division is to achieve "substantial justice," not to impose the

technical procedural requirements on unrepresented litigants).

Superior Court Rule 64 governs procedure in small claims cases, and provides in pertinent part that "[t]he judge shall conduct the trial in such a manner as to do substantial justice between the parties according to the rules of substantive law, *and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence*, except such provisions relating to privileged communications." Super. Ct. R. 64 (emphasis added); *Spencer v. Navarro*, 2008 V.I. Supreme LEXIS 18, at *3 (VI. 2008) (noting that Superior Court Rule 64 governs the procedure in small claims court). As we have repeatedly noted, "it is the role of the Superior Court judge in a small claims action to achieve substantial justice, even if it means that a liberal reading would afford relief to a *pro se* small claims litigant which would not be available to a *pro se* or other litigant in the Civil Division of the [Superior] Court." *See Fuertes v. Martin*, 2002 U.S. Dist. LEXIS 17097, *at 9 (D.V.I. App. Div. Sept. 4, 2002); *see also Ryans Restaurant v. Lewis,* 949 F. Supp. 380, 383 (D.V.I. App. Div. 1996).

Cannonier argues on appeal that the trial court did not properly scrutinize the photographs. During trial, Cannonier neither objected to the admission of the photographs nor claimed on appeal that the photographs were an inaccurate

representation of the damage to Gilbert's vehicle. Considering the witness testimony at trial together with the repair estimates itemizing and demonstrating loss, we cannot say that the court committed plain error or failed to achieve substantial justice when the photographs where admitted.

### C. Damages

Gilbert submitted two estimates for the damage to his car. One, from Hendricks International, totaled $1,368. The other, from Metro Motors, totaled $2,069. The trial judge awarded Gilbert damages of $2,069. The trial judge articulated his findings supporting the damages award on the record and explicitly stated that the basis for calculating damages included testimony, photographs and estimates submitted by reputable repair companies. (J.A. 33-34, Trial Tr. at 33:14-15, 34:7.)

Cannonier argues that Gilbert's damages were minor. Cannonier challenges the trial court's factual findings and its election to choose the higher of the two estimates presented.[7]

We note that this Court may reverse a trial court's factual findings only if found to be clearly erroneous. *See*

---

[7] Cannonier also argues that the trial judge improperly rendered judgment against her in the amount of $2,069.00 because she had car insurance to pay for the judgment. While the trial judge did note that Cannonier had car insurance, the record reveals that he articulated that his factual determinations were based upon the evidence adduced at trial. (J.A. 34, Trial Tr. at 34:2-16.)

*Poleon,* 184 F. Supp. 2d at 428. Clear error is shown where the trial court's determination is either "completely devoid of minimum evidentiary support displaying some hue of credibility or bears no rational relationship to the supportive evidentiary data." *Armstrong v. Armstrong*, 266 F.Supp. 2d 385, 397 (D.V.I. App. Div. 2003). We find no evidence in this record that would lead us to overturn the trial court's assessment of damages as clearly erroneous.

## V.  CONCLUSION

For the reasons articulated above, we affirm the December 12, 2006, Judgment of the Superior Court.